IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| Deshaun Drafts, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | C.A. No. 5:17-1526-HMH-KDW |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Sgt. Christopher Poindexter, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Deshaun Drafts ("Drafts"), proceeding pro se, alleges a violation of 42 U.S.C. § 1983. Drafts alleges that Sgt. Christopher Poindexter ("Poindexter") failed to protect him before he was severely injured. (Compl. 2, ECF No. 1.) In her Report and Recommendation, Magistrate Judge West recommends granting Poindexter's motion for summary judgment, and dismissing this case with prejudice. (R&R 11, ECF No. 48.)

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Drafts is currently incarcerated at South Carolina Department of Corrections' ("SCDC") Lieber Correctional Institution ("Lieber"). (Compl. 2, ECF No. 1.) Drafts claims he is litigating an "Eight Amendment violation, fail to protect my life when attacked stab twice in the back" issue. (Id., ECF No. 1.) Specifically, Drafts asserts that he was stabbed twice by fellow inmates

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

in the kitchen at Lieber on April 20, 2017.  (Id. at 3, ECF No. 1.)  Drafts alleges that Poindexter was present during the stabbing, but that he "jumped over the wall without spraying gas or trying to break up the fighting."  (Id., ECF No. 1.)  Further, Drafts alleges that Poindexter left him unprotected to "almost be killed by [the] group of inmates."  (Id., ECF No. 1.)  Drafts seeks $20,000.00 in compensatory damages and $40,000.00 in punitive damages from Poindexter.  (Compl. 4, ECF No. 1.)  In addition, Drafts requests that the SCDC terminate Poindexter's employment.  (Id., ECF No. 1.)

On February 20, 2018, Poindexter filed a motion for summary judgment.  (Mot. Summ. J., ECF No. 41.)  Drafts filed a response in opposition on March 16, 2018.  (Resp. Opp'n Mot. Summ. J., ECF No. 46.)  Poindexter filed a reply on March 22, 2018.  (Reply, ECF No. 47.)  On May 15, 2018, Magistrate Judge West issued a Report and Recommendation in which she recommends granting Poindexter's motion for summary judgment.  (R&R, generally, ECF No. 48.)  On June 14, 2018, Drafts filed his objections to the magistrate judge's Report and Recommendation.  (Objs., ECF No. 55.)  In addition, Drafts filed a motion for copies of Poindexter's affidavit and response to interrogatories on June 14, 2018.  (Mot. Copies, ECF No. 54.)

## II. REPORT AND RECOMMENDATION

First, Magistrate Judge West recommends dismissing any official capacity claim raised in Drafts' complaint because Poindexter is immune from suit under the Eleventh Amendment.  (R&R 4, ECF No. 48.)  Second, Magistrate Judge West recommends granting Poindexter's motion for summary judgment on Drafts' failure-to-protect cause of action.  (Id. at 9, ECF No. 48.)  Specifically, the magistrate judge finds that Poindexter acted reasonably under the

2

circumstances and there is no genuine issue of material fact on the issue of the reasonableness of Poindexter's actions. (Id., ECF No. 48.) Further, the magistrate judge recommends granting Poindexter qualified immunity if the court finds that a constitutional violation occurred. (Id. at 11, ECF No. 48.)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Objections to the Report and Recommendation

Drafts filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Drafts' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Drafts objects that the magistrate judge erred in finding that he had offered no evidence that Poindexter unreasonably failed to protect him from the other prisoners. (Obj. 4, ECF No. 55.) Specifically, Drafts argues that Poindexter's affidavit and interrogatories "are clear and convincing [evidence that Poindexter] failed to act." (Id. at 9, ECF No. 55.) This objection is without merit.

An inmate alleging an Eighth Amendment claim must demonstrate that (1) he was objectively denied "the minimal civilized measure of life's necessities" and (2) the officer had a "sufficiently capable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). When a plaintiff's Eighth Amendment claim is premised upon prison officials' failure to prevent harm, the objective prong is satisfied by showing that the inmate was

4

"incarcerated under conditions posing a substantial risk of serious harm." Id. Under the subjective prong, a plaintiff must show that the prison official knew of and disregarded "an excessive risk to inmate health or safety." Id. at 837. However, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk." Id. at 844 (internal quotation marks omitted).

"In failure-to-protect cases, 'prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm.'" Raynor v. Pugh, 817 F.3d 123, 128 (4th Cir. 2016) (quoting Prosser v. Ross, 70 F.3d 1005, 1008 (8th Cir. 1995)); see also Winfield v. Bass, 106 F.3d 525, 532 (4th Cir. 1997) (en banc) ("[S]uch heroic measures are not constitutionally required."). However, "'completely failing to take *any* action' to stop an ongoing assault on a prisoner can amount to deliberate indifference." Id. (quoting Winfield, 106 F.3d at 532); see also Odom v. S.C. Dep't of Corr., 349 F.3d 765, 773 (4th Cir. 2003) ("[A] correctional officer who stands by as a passive observer and *takes no action whatsoever* to intervene during an assault violates the [Eighth Amendment] rights of the victim inmate.").

Drafts argues that Poindexter should have intervened between the inmates before it became violent. (Id. at 5-6, ECF No. 55.) However, Drafts fails to provide any evidence to support his allegation that Poindexter had time to respond to the altercation before it became violent. Poindexter asserts that he took action and properly intervened by "disengaging and calling for assistance." (Resp. Opp'n Mot. Summ. J. Attach. 1 (Poindexter Interrogs. ¶ 6), ECF No. 46-1.) Further, Poindexter's affidavit provides that the argument between the inmates "quickly escalated into violence." (Mot. Summ. J. Attach. 3 (Poindexter Aff. ¶ 4), ECF

No. 41-3.) The violence included "one of the attacking inmates . . . running towards [Poindexter] with a large metal weapon in his hand." (Id. Attach. 3 (Poindexter Aff. ¶ 5), ECF No. 41-3.) Upon a thorough review of the record, the court finds that Poindexter did not act with deliberate indifference to Drafts' health or safety. Poindexter was not required to intervene in the armed assault and place himself in danger of physical harm. See, e.g., Raynor, 817 F.3d at 128; Winfield, 106 F.3d at 532. Further, this was not a situation where Poindexter completely failed to act. See, e.g., Odom, 349 F.3d at 771. In addition, there is no evidence that Poindexter knew that the inmate possessed a weapon prior to the altercation. Poindexter acted reasonably in disengaging from the assault and requesting assistance. Drafts' arguments are mere speculation, which is insufficient to survive the motion for summary judgment. Beale, 769 F.2d at 214. Based on the foregoing, Drafts' objection is without merit and the motion for summary judgment is granted.

Further, Drafts filed a motion for free copies of Poindexter's affidavit and response to interrogatories. (Mot. Copies, ECF No. 54.) However, Drafts previously attached these two documents to his response in opposition to Poindexter's motion for summary judgment. (Resp. Opp'n Mot. Summ. J. Attach. 1 (Poindexter Aff. & Poindexter Interrogs.), ECF No. 46-1.) Thus, Drafts was provided copies of these two documents. Further, Drafts has articulated no argument to support providing additional free copies of these documents. Therefore, having granted Poindexter's motion for summary judgment, the court finds that Drafts' motion for copies is denied. Based upon the foregoing, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Poindexter's motion for summary judgment, docket number 41, is granted. It is further

**ORDERED** that Drafts' complaint is dismissed with prejudice. It is further

**ORDERED** that Drafts' motion for copies, docket number 54, is denied.

**IT IS SO ORDERED**.

>                                  s/Henry M. Herlong, Jr.
>                                  Senior United States District Judge

Greenville, South Carolina
June 19, 2018

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.